J-A03009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF V.E.R, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: T.J.R. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1515 EDA 2022 |
| | : | |

Appeal from the Order Entered May 24, 2022
in the Court of Common Pleas of Bucks County Orphans' Court
at No(s): 2007-E0088

BEFORE: KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 21, 2023**

Appellant, Thomas J. Romano, appeals ***pro se*** from the orphans' court's May 24, 2022 order denying the petition to remove John J. Gonzales, Esq. as administrator of Decedent's estate. After careful review, we affirm.[1]

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: On April 17, 2004, Dr. Vincent E. Romano (hereinafter, "Decedent") executed a deed which transferred his interest to his home at 256 Radcliffe Street, Bristol, Pennsylvania (the "property") to his daughter, Mary Jo D'Agostino and her husband, Peter D'Agostino, while

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellees, Bernadette Snearowski and Mary Jo D'Agostino, filed a letter on October 3, 2022 indicating that they will not be filing an appellate brief in this matter.

reserving a life estate for himself. In 2007, Appellant, Decedent's son, initiated guardianship proceedings regarding Decedent. After various petitions and several hearings, the orphan's court entered a decree on June 12, 2007, which declared Decedent to be an incapacitated person and appointed Deborah L. Klock as plenary guardian of his person and estate.

On May 5, 2010, Decedent died testate, domiciled in Bucks County, Pennsylvania. He was survived by nine of his children. On or about the date of Decedent's death, Appellant filed an informal caveat with the Bucks County Register of Wills, contending that Decedent executed a codicil to his February 9, 2001 will on January 30, 2007. The codicil nominated Appellant to serve as executor. Michael Romano, another son of Decedent, also filed a "Petition for Grant of Letters Testamentary" with the Register of Wills on May 5, 2010. The will that Michael Romano offered for probate was dated June 15, 1998 and nominated Michael Romano to serve as executor. On May 19, 2010, Appellant filed a "Petition for Grant of Letters Testamentary" with the Register of Wills, which offered for probate Decedent's February 9, 2001 will and the January 30, 2007 codicil.

The Register of Wills scheduled a hearing for August 31, 2010 to resolve the controversy. By agreement of the parties, the Register of Wills admitted to probate Decedent's February 9, 2001 will and appointed John Gonzales, Esq., as a neutral administrator of Decedent's estate. Over the intervening years since this resolution, Decedent's Estate and the guardianship have been

the subject of extensive litigation, which has included objections to the estate accounting filed by the Administrator Gonzales and objections to the guardianship accounting of Deborah Klock.

No party moved for a hearing on the objections, and as a result, the orphans' court **sua sponte** scheduled a final hearing on the objections on March 17, 2020. This hearing was ultimately continued as a result of the Covid-19 pandemic, and on February 22, 2021, the orphans' court issued case management order that denied all pending pre-trial motions and set an April 2, 2021 deadline for the filing of additional pre-trial motions. The February 22, 2021 order also set a May 1, 2021 deadline to exchange expert reports; identified and limited the issues for trial; and permitted all pre-trial rulings and questions about the scope of hearing to be preserved for appellate review.

On March 18, 2022, Administrator Gonzales filed a "Petition to Remove Administrator cta by Consent." On May 18, 2022, a hearing was held regarding this matter. Thereafter, on May 24, 2022, the orphans' court issued an order denying Administrator Gonzales' petition.

In its May 24, 2022 order, the orphans' court explained that its decision was based on the fact that Administrator Gonzales did not allege a medical emergency or condition that warranted immediate action. The orphans' court further explained that it intended to schedule a hearing on the merits of the outstanding objections no later than October 2022. **See** orphans' court order, 5/24/22 at n.1.

On June 14, 2022, Appellant filed a timely ***pro se*** appeal from the May 24, 2022 order. On June 16, 2022, the orphans' court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a lengthy Rule 1925(b) statement on July 5, 2022.

On September 14, 2022, the orphans' court filed a Rule 1925(a) opinion. Therein, the orphan's court found that Appellant's Rule 1925(b) statement failed to comply with the Pennsylvania Rules of Appellate Procedure in numerous respects. ***See*** orphans' court opinion, 9/14/22 at 5-6. The orphans' court concluded that Appellant's Rule 1925(b) statement "is so disorganized and difficult to decipher" that it is the functional equivalent of no concise statement at all. ***Id.*** at 6. The orphans' court further noted that Appellant's Rule 1925(b) statement "is far from concise," but rather is a conglomeration of various allegations intertwined with lengthy passages of case law, statutes, Orphan's Court Rules, and notes of testimony. ***Id.*** at 3, 6. Alternatively, the orphans' court found that even if Appellant's issues on appeal are not waived due to his insufficient Rule 1925(b) statement, his appeal should still be dismissed because the removal of an estate fiduciary was within its discretion. ***Id.*** at 6-9.

On September 27, 2022, Appellees filed an "Application to Quash" Appellant's appeal that was ultimately denied by this Court on October 31, 2022.

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether his brief complies with the Pennsylvania Rule of Appellate Procedure.

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa.Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011).

We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). Moreover, Appellant's status as a *pro se* litigant does not absolve him from responsibility for compliance with the rules. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (stating, "any person choosing to represent himself in a legal proceeding must . . . assume that his lack of expertise and legal training will be his undoing.").

Here, our review reveals that Appellant's brief falls well below the standards delineated in our Rules of Appellate Procedure. Preliminarily, we observe that Appellant's brief does not contain a statement of jurisdiction; a separate section specifying the order or determination sought to be reviewed;

a statement of the scope and standard of review; nor a short conclusion stating the precise relief sought. *See* Pa.R.A.P. 2111(a)(1), (2), (3), and (9).

Additionally, the "Argument" portion of Appellant's brief is not "divided into as many parts as there are questions to be argued[,]" as this section contains no distinctive subheadings at all. *See* Pa.R.A.P. 2111(a)(8) and 2119(a). On the contrary, Appellant's "Argument" is confusing and presents vague, largely conclusory allegations of error intertwined with lengthy passages of case law and notes of testimony. *See* Appellant's brief at 20-41.[2] Appellant fails to conduct a meaningful discussion and analysis of this legal authority and how it is applicable to his case, in direct violation of Rule 2119(a). *See* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

Although Appellant's brief does include a statement of the case, entitled "Facts", it is largely devoid of the necessary citations or references to the record in violation of Rules 2119(b) and (c) and is interwoven with multiple allegations that are not relevant to the factual or procedural history of this case. *See* Appellant's brief at 8-18.

Most significantly, as discussed, Appellant has failed to include a "Statement of Questions Involved" in his brief in direct violation of Rule 2116(a), which provides that the statement of the questions involved must

_____

[2] We note that Appellant's brief does not contain pagination. For the ease of our discussion, we have assigned each page a corresponding number.

state the issues "**with sufficient specificity** to enable the reviewing court to readily identify the issues to be resolved…." Pa.R.A.P. 2116(a) note (emphasis added). Appellant's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. *See e.g.*, *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996).

Given the substantial defects in Appellant's brief, we could quash his appeal for failure to comply with our Rules of Appellate Procedure. *In re Ullman*, 995 A.2d at 1211. However, in light of the fact that this case proceeded to oral argument, we will briefly address the merits of Appellant's cognizable issue on appeal.

As best we can discern from his woefully defective brief, the crux of Appellant's claim is that the orphans' court did not remove Gonzales as administrator of Decedent's estate despite Appellant's claim Gonzales "wasted and mismanaged" the estate and "lacks the physical and cognitive abilities to serve as Administrator." *See* Appellant's brief at 4, 19. This claim is belied by the record.

This Court has recognized that,

> the findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity

> to hear and observe, and upon the weight given to
> their testimony. In reviewing the Orphans' Court's
> findings, our task is to ensure that the record is free
> from legal error and to determine if the Orphans'
> Court's findings are supported by competent and
> adequate evidence and are not predicated upon
> capricious disbelief of competent and credible
> evidence.

*In re Estate of Bechtel*, 92 A.3d 833, 837 (Pa.Super. 2014) (citation omitted).

Instantly, the orphans' court found that there was no evidence presented in this matter that an immediate medical or cognitive emergency existed that warranted Administrator Gonzales' removal. Specifically, the orphans' court reasoned as follows:

> [R]emoval was unnecessary because [Administrator
> Gonzales] did not allege, nor was any evidence
> presented that a medical or cognitive emergency or
> condition existed that warranted removal. While
> [Administrator Gonzales] has Parkinson's disease and
> suffers some hand tremors, by his own admission his
> cognitive functioning has not diminished. [Notes of
> testimony, 5/18/22 at 12-13.] Consequently, we
> found that he currently possesses the physical and
> cognitive ability to serve as administrator of the
> estate. Furthermore, in our May 24, 2022 Order
> denying the petition for removal, we stated that it was
> our intention to schedule a hearing on the merits of
> the outstanding objections to the accounts and
> motions for surcharge no later than October of 2022.
> Pending the decision of this Honorable Court, we
> continue to be hopeful that a hearing to resolve
> outstanding issues relative to the estate could be held
> in the near future, at which time, [Administrator
> Gonzales] would be relieved of his duties as
> administrator. Because we perceive that
> [Administrator Gonzales] presently is capable of

> serving as administrator of the estate, we respectfully submit that Appellant's appeal should be dismissed.

Orphans' court opinion, 9/14/22, at 7 (notes of testimony citation reformatted).

Following our thorough review, we discern no abuse of discretion on the part of the orphans' court in reaching this decision. The orphans' court found the testimony of Administrator Gonzales credible, and we are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *See In re Estate of Bechtel*, 92 A.3d at 837.

Accordingly, we affirm the orphans' court's May 24, 2022 order denying the petition to remove Administrator Gonzales as administrator of Decedent's estate.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023